UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL MORALES CAMACHO,<br><br>             Petitioner,<br><br>   v.<br><br>HAROLD CLARK,<br><br>             Respondent. | NO. CV-05-5093-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

On January 17, 2006, Magistrate Judge Imbrogno filed a Report and Recommendation, recommending Mr. Camacho's habeas petition be dismissed. (Ct. Rec. 16.) On January 30, 2006, Mr. Camacho filed timely objections to the Report and Recommendation. (Ct. Rec. 17.) In general, Mr. Camacho raises the following objections: (1) the Report and Recommendation failed to acknowledge that the evidence before the jury could not support a finding of premeditation and (2) the Report and Recommendation erred when it stated the failure in a non-capital case to instruct on the lesser-included offense of manslaughter did not present a federal constitutional question.

The Court agrees with the magistrate's determination that Washington law, which allows the state to use circumstantial evidence to prove premeditation when the inferences are drawn by the jury are reasonable and evidence supporting the jury's finding is substantial, does not violate clearly established federal law; and

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

that, here, there was sufficient evidence for a rational trier of fact to find premeditation. *See Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995).

In addition, the Court adopts the magistrate's recommendation that clearly established federal law does not entitle Mr. Clark to a lesser included manslaughter instruction because his case was a non-capital case. Furthermore, the Court agrees with the magistrate's determination that any error associated with not giving a lesser-included instruction was not prejudicial because the jury, which had before it both second degree murder and first degree murder instructions, found Mr. Camacho guilty of first degree murder, even in light of Mr. Camacho's testimony that he committed these offenses in the "sudden heat of passion."

Lastly, because the Court agrees with the magistrate that Mr. Camacho's habeas claims are to be dismissed, no evidentiary hearing shall be held. Accordingly, after engaging in a *de novo* review, **IT IS HEREBY ORDERED**: the Report and Recommendation to Dismiss with Prejudice Claims for Habeas Relief **(Ct. Rec. 16)** is **ADOPTED** in its entirety. Defendant Clark's Motion to Dismiss **(Ct. Rec. 15)** is **GRANTED,** and Mr. Camacho's habeas petition is **DISMISSED WITH PREJUDICE.** Judgment is to be **ENTERED in Defendant Clark's favor with prejudice**, and this file shall be **CLOSED.**

**IT IS SO ORDERED**. The District Court Executive shall forward a copy of this order to Petitioner and counsel.

**DATED** this 21st  day of February, 2006.

                                        /s/Edward F. Shea
                                        EDWARD F. SHEA
                                    UNITED STATES DISTRICT JUDGE

Q:\Civil\2005\5093.adopting.R&R.wpd
ORDER ADOPTING REPORT AND RECOMMENDATION - 2